IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. MOON, | ) | |
|     Petitioner, | ) | Civil Action No. 1:14-cv-201 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| JOHN E. WETZEL, et al., | ) | |
|     Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**

Before the Court is a petition for a writ of habeas corpus [ECF No. 1] filed pursuant to 28 U.S.C. § 2254 by state prisoner James D. Moon. He is challenging the decision made on April 16, 2013, by the Pennsylvania Board of Probation and Parole (the "Board") that recommitted him to a state correctional institution as a convicted and technical parole violator and set his parole violation maximum sentence date at November 1, 2015. As relief, he seeks an order from this Court that invalidates the extension of his maximum sentence date (which had been September 15, 2013) and directs that he be released from custody.

    **A.     Relevant Background**

In their Answer and exhibits thereto, Respondents have demonstrated the following facts. In 2009, the Court of Common Pleas of Erie County sentenced Moon to a total sentence of 1 year, 6 months to 4 years of incarceration for committing two counts of Theft of Movable Property. On

1

June 9, 2011, he was paroled by the Board. At that time, his controlling maximum sentence date was September 15, 2013.

On July 26, 2012, Moon was arrested by the Millcreek Police Department and charged with Statutory Sexual Assault, Aggravated Indecent Assault, Indecent Exposure, Indecent Assault, and Corruption of Minors, arising out of his relationship with a 14-year-old victim. On that same date, the Board lodged its warrant against Moon. The Board ordered that Moon be detained pending the disposition of his pending criminal charges.

On May 21, 2013, Moon was convicted in the Court of Common Pleas of Erie County of the crimes of Indecent Exposure (2 counts) and Corruption of Minors. On June 25, 2013, he was served with a notice of charges and hearing (PBPP-257N), notifying him of the charges against him, the date of the revocation hearing, and the name and address of the local public defender. On that same date, Moon signed a waiver of his right to a revocation hearing, waiver of his right to representation of counsel, waiver of his right to a panel hearing, and an admission form.

On July 25, 2013, the Board decided to revoke Moon's parole due to his new conviction and deny him credit for the time he was at liberty on parole. By a decision mailed August 16, 2013, the Board recommitted Moon as a convicted parole violator to serve 18 months of backtime. It also notified Moon that it recalculated his maximum sentence date from September 15, 2013, to November 1, 2015.[1]

An inmate may file an appeal of a Board's revocation/recalculation decision within 30 days of entry of the challenged decision. 37 Pa. Code § 73.1. Moon did not file an administrative appeal of the Board's August 16, 2013, decision.

---

[1] Respondents explain that when Moon was released on parole on June 9, 2011, he had 829 days remaining on his sentence. As a convicted parole violator, he automatically forfeited credit for all of the time he spent at liberty on parole; therefore, he still had 829 days remaining on his sentence. Moon became available to begin serving the backtime on his original sentence at institution number JE-9987 on July 25, 2013. Adding 829 days to July 25, 2013, yields a new parole violation maximum date of November 1, 2015.

2

In the instant petition for a writ of habeas corpus, Moon alleges that the Board violated his federal constitutional rights and seeks an order from this Court that invalidates the extension of his maximum sentence date to November 1, 2015, and "readjusts" his maximum sentence date to September 15, 2013.

Respondents have filed an Answer to the petition. [ECF No. 15]. They argue, *inter alia*, that Moon's claims must be denied as procedurally defaulted because he failed to exhaust his state remedies. Moon did not file a reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply … within 30 days of the date the respondent files its Answer.").

**B.     Discussion**

Respondents are correct that Moon's claims must be denied because he failed to exhaust his available state remedies. A federal habeas court may not grant a state prisoner's petition for a writ of habeas corpus unless he has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1,

3

3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

Importantly, in order to exhaust a claim "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

To properly exhaust a federal constitutional claim regarding the Board's actions, a Pennsylvania inmate must first seek administrative review with the Board itself. 37 Pa. Code § 73.1. If the Board denies the inmate's administrative appeal, he must seek review in the Commonwealth Court, 42 Pa.C.S. § 763(a). If the Commonwealth Court denies him relief, he then must seek review in the Pennsylvania Supreme Court before he may raise his claims in a federal habeas petition. See Williams v. Wynder, 232 F.App'x 177, 180 (3d Cir. 2007) (concluding that the Pennsylvania Supreme Court's Order 218 does not apply to decisions issued by the Commonwealth Court and that "the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court").

Moon pursued none of these required steps. Accordingly, this Court must conclude that he did not exhaust any of his federal habeas claims in state court. Because he did not, they are procedurally defaulted for the purposes of federal habeas review. See, e.g., Lines v. Larkins, 208 F.3d 153, 16069 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at

4

730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

A petitioner whose habeas claim is procedurally defaulted can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309 (2012); Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).[2] Moon points to no evidence that establishes cause for his default or prejudice stemming therefrom.

Based upon the foregoing, all of Moon's habeas claims should be denied because they are procedurally defaulted.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

---

[2] Another exception to the procedural default doctrine is the "miscarriage of justice" exception. It provides that a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not one of the rare cases in which the fundamental miscarriage of justice rule is implicated.

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Applying this standard here, jurists of reason would not find it debatable whether Moon's habeas claims should be denied because they are procedurally defaulted. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Moon is allowed fourteen (14) days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 20, 2015